IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | |
|---|---|
| CHARLES ALPINE § | |
| v. § | CIVIL ACTION NO. 9:07cv132 |
| WARDEN SWEETIN, ET AL. § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Alpine, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alpine says in his complaint that on May 29, 2007, he was kicked out of the law library by an officer named Ms. Jones, because he had told an inmate law library worker that he, Alpine, was going to "write him up." Alpine says that he asked for the other inmate's name, but Jones would not tell him, and indicates that Jones was supposed to send both he, Alpine, and the other inmate out of the law library. Alpine states that what happens before he arrives at the law library, and what happens after he leaves, is his business and not the officer's.

Alpine says on the complaint form that the requirement of exhaustion of administrative remedies is "n/a," but does not explain why this requirement does not apply to him. He attaches a copy of a Step One grievance, which was returned unprocessed because there was no documented attempt at informal resolution, and a Step Two form, which is blank. As the Magistrate Judge observed, the lawsuit was received by the Court on June 8, 2007, some ten days after the incident took place.

1

On June 20, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted first that Alpine had plainly failed to exhaust his administrative remedies, and did not even purport to have done so. More pertinently, the Magistrate Judge said, Alpine was well known to the Court, having filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Consequently, the Magistrate Judge said, Alpine has "three strikes" under 28 U.S.C. §1915(g), and so in order to proceed, he must either pay the full filing fee of $350.00 or show that he is in imminent danger of serious bodily injury as of the filing of the lawsuit. Alpine did neither of these, and so the Magistrate Judge recommended that the lawsuit should be dismissed.

Alpine filed objections to the Magistrate Judge's Report on June 28, 2007. These objections say that his pleadings charge Warden Sweetin and Officer Jones with negligence, that the law librarian, Mr. Duncan, is subjecting him to imminent danger in some unspecified way, that "his grievances are about injury," and that exhausting administrative remedies is simply "killing time." Alpine says that the U.S. Constitution and the Texas Bill of Rights prohibit "negligence of life." His objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of the lawsuit without seeking *in forma pauperis* status and upon payment of the $350.00 filing fee. Should Alpine pay the full filing fee within 30 days after the entry of final judgment, the lawsuit shall proceed as though the full filing fee had been paid from the outset; however, payment of the full filing fee would not affect a frivolousness analysis, nor would it affect the question of exhaustion of administrative remedies. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

So **ORDERED** and **SIGNED** this **7** day of **July, 2007.**

_____
Ron Clark, United States District Judge